# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**BARBARA U. UBEROI,**

    **Plaintiff,**

vs.                                    Case No. 4:16cv638-RH/CAS

**JORGE LABARGA, in his
capacity as Chief Justice of
the Florida Supreme Court,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

This case was initiated in the United States District Court for the Middle District of Florida. ECF No. 1. Chief Justice Labarga's motion to dismiss, ECF No. 11, was granted in part and the case transferred to this Court in October 2016. ECF No. 26.

After transfer, Chief Justice Labarga filed an amended motion to dismiss, ECF No. 30, on October 28, 2016. Plaintiff Barbara Uberoi was advised to file a response, ECF No. 31, and discovery was stayed until a ruling was entered on the amended motion to dismiss. ECF No. 38.

In response to the motion, Mrs. Uberoi has filed a memorandum, ECF No. 34, an affidavit, ECF No. 35, and an amended notice of filing motion of clarification and order, ECF No. 36. As for Mrs. Uberoi's request for clarification, ECF No. 36, the Middle District of Florida reviewed Defendant's prior motion to dismiss and granted only the part which sought transfer, and deferred ruling on the remainder. Defendant has since filed the instant amended motion to dismiss. ECF No. 30.

Additionally, analysis of a motion to dismiss is generally limited to the face of the complaint and any attachments. <u>Brooks v. Blue Cross and Blue Shield of Florida, Inc.</u>, 116 F.3d 1364, 1368-69 (11th Cir. 1997) (citing 5 Charles A. Wright & Arthur Miller, Federal Practice and Procedure § 1356 at 590-92 (1969) (Wright & Miller)). Mrs. Uberoi has submitted an affidavit, ECF No. 35, which may not be considered in ruling on a motion to dismiss. Fed. R. Civ. P. 12(d). This is not a motion for summary judgment in which extrinsic documents such as affidavits may be considered. Fed. R. Civ. P. 56(c). Thus, the parties are advised that only the amended motion to dismiss, ECF No. 30, response in opposition, ECF No. 34, and complaint, ECF No. 1, have been considered. The affidavit has been excluded in ruling on the amended motion to dismiss.

**Background**

Mrs. Uberoi initiated this lawsuit against Jorge Labarga in his official capacity as Chief Justice of the Florida Supreme Court.  ECF No. 1.  This is Mrs. Uberoi's second such case concerning her admission to the Florida Bar.  ECF No. 30 at 2 (citing <u>Uberoi v. Fla. Supreme Court</u>, No. 8:14-cv-2321-T-17TGW (M.D. Fla., Sept. 15, 2014)).  That case was dismissed for lack of subject matter jurisdiction on May 20, 2015.  *Id.*  The dismissal was affirmed by the Eleventh Circuit Court of Appeals in a per curiam opinion on April 18, 2016.  <u>Uberoi v. Supreme Court of Fla.</u>, 819 F. 3d 1311 (11th Cir. 2016) (finding the *Rooker–Feldman* doctrine barred her § 525(a) claim and the Eleventh Amendment barred her due process claim).  Just two months later, Mrs. Uberoi filed this second case, now naming Chief Justice Labarga as the sole Defendant instead of the Florida Supreme Court.  ECF No. 1.  She alleges that Chief Justice Labarga is sued "solely in his capacity of Chief Justice of the Florida Supreme Court."  *Id.* at 1.

Mrs. Uberoi asserts that her procedural due process rights were violated when the Court disapproved the Florida Board of Bar Examiners Report and Recommendations and denied her application for admission to The Florida Bar.  ECF No. 1 at 1-3.  In doing so, the Court disapproved the

recommendation that Mrs. Uberoi "be conditionally admitted to the Bar subject to terms and conditions" set forth in a Consent Agreement between Mrs. Uberoi and The Florida Board of Bar Examiners. *Id.* at 2-3; *see also* ECF No. 1-2. Mrs. Uberoi points out that no hearing was held prior to the decision, no rehearing was permitted after the decision, and she asserts the denial of an "opportunity to defend herself either in oral argument or through written briefs." *Id.* at 3. The complaint requests that a declaratory judgment be entered, that judgment require "notice and an opportunity to be heard as required by the principles of due process before rejecting [Mrs. Uberoi's] Consent Agreement," and that Chief Justice Labarga and the Court be required to revise two "Rules of the Supreme Court Relating to Admissions to The Bar to ensure that applicants who enter into consent agreements with the Florida Board of Bar Examiners receive notice and have an opportunity to be heard prior to the" Court rejecting a consent agreement. *Id.* at 5.

Mrs. Uberoi received a Juris Doctor degree from Stetson University College of Law on May 16, 1998. ECF No. 1-1 at 2. She applied and was admitted to The Florida Bar in 1998. ECF No. 34 at 2, n.2. She subsequently resubmitted a Florida Bar application on October 13, 2010,

because her license lapsed.  *Id.*  Mrs. Uberoi successfully completed all parts of the Florida Bar Examination, however, several issues emerged during her character and fitness investigation conducted by the Florida Board of Bar Examiners.  ECF No. 1-1 at 2.  Mrs. Uberoi appeared on December 5, 2011, for an investigative hearing, after which Specifications were prepared and served"on her.  *Id.*  She was advised of her right to "a formal hearing on the Specifications, the presentation of witnesses and any other evidence that might be pertinent to the issues" raised in the Specifications.  *Id.*

Mrs. Uberoi filed an Answer to the Specifications and, through counsel, requested a hearing.  *Id.* at 2-3.  The formal hearing was held on November 17, 2012, and Mrs. Uberoi appeared with her counsel.  Following the hearing, the Florida Board of Bar Examiners issued a Report and Recommendation containing Conclusions of Law on February 4, 2013.  ECF No. 1-1.  The Board recommended that Mrs. Uberoi be conditionally admitted for one year and, "as [a] condition of her probation, . . . be required to continue to comply with her FLA [Florida Lawyers Assistance, Inc.] contract."  *Id.* at 14.

Shortly thereafter, Mrs. Uberoi signed a Consent Agreement. ECF No. 1-2. Mrs. Uberoi agreed to nine conditions "in the event the Supreme Court of Florida should grant a probationary admission to the Florida Bar." *Id.* at 1. The Consent Agreement contained an express acknowledgment that it would "not become effective unless the Supreme Court of Florida issue[d] an Order of Probation Admission." *Id.* at 4-5.

On October 10, 2013, the Florida Supreme Court issued a decision rejecting the Consent Agreement and denying Mrs. Uberoi admission into The Florida Bar. ECF No. 1-3; *see* Florida Bd. of Bar Examiners re B.U.U., 124 So. 3d 172, 172 (Fla. 2013). The Court disapproved the recommendation for conditional admission, writing at length about the seriousness of failing to comply with the requirements of all tax laws. 124 So.3d at 174-75. The Court held that permitting admission under the circumstances outlined "would strike a blow to and undermine our efforts to preserve the necessary standards of character and fitness for admission to the Bar." 124 So. 3d at 175. The Court's opinion concluded by noting that if Mrs. Uberoi desired to apply again, which could not "occur until after

three years[1] from the date of [that] decision," she would "need to show significant rehabilitation in addition to an ability to honor all of her financial obligations." 124 So. 3d at 175.

Mrs. Uberoi then filed suit in the Middle District of Florida. Case No. 8:14cv2321. As noted above, that case was dismissed on May 20, 2015. ECF No. 30 at 2. The dismissal was affirmed by the Eleventh Circuit in April 2016. This case followed.

**Motion to Dismiss, ECF No. 30**

The motion to dismiss asserts that this Court lacks subject matter jurisdiction over this case because Chief Justice Labarga is entitled to Eleventh Amendment immunity. ECF No. 30 at 6-9. Chief Justice Labarga further asserts that this action is barred by the *Rooker-Feldman* doctrine. *Id.* at 10-13. Finally, the motion argues that the complaint fails to state a claim. *Id.* at 13-17.

In response to the amended motion to dismiss, Mrs. Uberoi contends that the arguments presented by Chief Justice Labarga "were previously decided" in her prior actions and "are barred by collateral estoppel." ECF

---

[1] "Plaintiff became eligible to petition the Florida Supreme Court for reconsideration of her application for admission to the Bar on October 10, 2016." ECF No. 30 at 5, n.2.

No. 34 at 1. She argues that the Eleventh Circuit "specifically affirmed" that her claim was "not barred by the Rooker-Feldman doctrine." *Id.*

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[2] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, (quoting Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989)).

Case No. 4:16cv638-RH/CAS

alleged." Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 at 556); *see also* Speaker v. U.S. Dep't of Health, 623 F.3d 1371, 1380 (11th Cir. 2010).

**Analysis**

Chief Justice Labarga argues first and foremost that this Court lacks subject matter jurisdiction over this case because it is barred by the Eleventh Amendment. ECF No. 30 at 6-10. Mrs. Uberoi declares that the "Eleventh Amendment does not apply" because she has named "Chief Justice Labarga instead of the Florida Supreme Court." ECF No. 34 at 8. Mrs. Uberoi contends that because she has "amended her complaint naming the Chief Justice of the Florida Supreme Court in his official capacity," she has "correct[ed] the deficiency of the first action." ECF No. 34 at 4.

As was made clear in the prior case brought by Mrs. Uberoi, "Eleventh Amendment sovereign immunity prohibits federal courts from entertaining suits brought by citizens against a state, including its agencies and departments." Uberoi v. Supreme Court of Florida, 819 F.3d 1311, 1313 (11th Cir. 2016). She seeks to avoid that immunity by naming only Chief Justice Labarga in his official capacity. However, official-capacity suits "generally represent only another way of pleading an action against

an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) (citing Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 2035, n. 55, 56 L.Ed.2d 611 1978)); see also Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) (stating that "[t]o receive Eleventh Amendment immunity, a defendant need not be labeled a 'state officer' or 'state official,' but instead need only be acting as an 'arm of the State,' which includes agents and instrumentalities of the State.") (citing Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429–30, 117 S.Ct. 900, 137 L.Ed.2d 55 (1997)).  Thus, contrary to Mrs. Uberoi's argument, her complaint is not saved simply by naming the Chief Justice as a Defendant instead of the Florida Supreme Court.

"An official capacity action against a state official is not an action against the official individually, but rather, is brought against the official's office."  Manzini v. Florida Bar, No. 11-22505-CIV, 2012 WL 2524265, at *4 (S.D. Fla. May 1, 2012), report and recommendation adopted, No. 11-22505-CIV, 2012 WL 2524251 (S.D. Fla. June 29, 2012), *aff'd sub nom.* Manzini v. The Florida Bar, 511 F. App'x 978 (11th Cir. 2013).  "It is not a suit against the official personally, for the real party in interest is the entity."

Case No. 4:16cv638-RH/CAS

Kentucky, 473 U.S. at 166, 105 S. Ct. at 3105. That point is highlighted by the fact that Mrs. Uberoi's complaint alleges the factual basis of this case by listing the actions of "the DEFENDANT and the FLORIDA SUPREME COURT." ECF No. 1 at 3-4. The requests for relief are against "the DEFENDANT and the FLORIDA SUPREME COURT." ECF No. 1 at 5. Accordingly, the claims raised in this case are essentially against the Florida Supreme Court, not just the Chief Justice. The Court acts as a whole, not as one individual, and Chief Justice Labarga cannot, on his own, afford Mrs. Uberoi the relief she seeks. See ECF No. 30 at 8-9. Indeed, that fact is recognized by Mrs. Uberoi in light of her requests to require both Chief Justice Labarga and the Florida Supreme Court to provide notice and revise the Rules relating to admissions. ECF No. 1 at 5.

Thus, this case is barred by force of the Eleventh Amendment unless it comes within the *Ex Parte Young* exception. Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714 (1908). Yet the *Young* exception requires an "allegation of an ongoing violation of federal law" and a request for prospective relief. Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 281, 117 S. Ct. 2028, 2040, 138 L. Ed. 2d 438 (1997). Such a determination involves a "straightforward inquiry into whether [the]

complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland, 535 U.S. 635, 645, 122 S. Ct. 1753, 1760, 152 L. Ed. 2d 871 (2002) (quoting Idaho, 521 U.S. at 296)). "Moreover, the exception is narrow: It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past, [(citing Green v. Mansour, 474 U.S. 64, 73, 106 S.Ct. 423, 428, 88 L.Ed.2d 371 (1985)], and has no application in suits against the States and their agencies, which are barred regardless of the relief sought . . . ." Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 146, 113 S. Ct. 684, 688, 121 L. Ed. 2d 605 (1993).

Here, Mrs. Uberoi seeks both declaratory and injunctive relief, but the basis for her claims rest entirely in the past. There are no allegations of any ongoing actions, violations, or injury. The asserted violation of Mrs. Uberoi's due process rights stems from the October 10, 2013, decision of the Florida Supreme Court. There are no allegations of ongoing or continuing harm beyond that date.

Indeed, it does not appear that Mrs. Uberoi would have standing to challenge the rules in the future because the record does not reveal that

Mrs. Uberoi has applied for Bar membership since 2013. The opinion of the Supreme Court which is at the heart of this case expressly permitted Mrs. Uberoi to reapply for admission three years later. It does not appear that she has done so. For all these reasons, the motion to dismiss should be granted on the basis of Eleventh Amendment immunity because the *Ex Parte Young* exception is inapplicable.

It is respectfully **RECOMMENDED** that the complaint, ECF No. 1, be **DISMISSED** for lack of subject matter jurisdiction because the Defendant is entitled to Eleventh Amendment immunity.

**IN CHAMBERS** at Tallahassee, Florida, on June 16, 2017.

      S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.