# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

BARBARA U. UBEROI,

    Plaintiff,

v.                                            CASE NO. 4:16cv638-RH/CAS

JORGE LABARGA, in his
capacity as Chief Justice of

the Florida Supreme Court,

    Defendant.

_____/

## ORDER OF DISMISSAL

The plaintiff challenges on due-process grounds the Florida Supreme Court's rejection of her application for admission to the Florida Bar. The defendant has moved to dismiss. This order grants the motion, partly based on the *Rooker-Feldman* doctrine, and partly for lack of standing under *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983).

## I. Background

The plaintiff Barbara U. Uberoi applied for admission to the Florida Bar. The Florida Board of Bar Examiners alleged that she had engaged in prior misconduct that rendered her unfit. After an evidentiary hearing, Ms. Uberoi and the Board entered an agreement calling for her conditional admission on specific terms. The agreement was expressly subject to approval by the Florida Supreme Court, which has plenary authority over admission decisions.

The Florida Supreme Court did not approve the agreement. Instead, the court denied Ms. Uberoi's application. The court said she could apply again in three years. And the court said that on any new application, Ms. Uberoi would be required to demonstrate sufficient rehabilitation.

Ms. Uberoi filed an action against the Florida Supreme Court in the Middle District of Florida. The court dismissed the action. Ms. Uberoi appealed. The Eleventh Circuit affirmed based on the Eleventh Amendment. This was hardly surprising. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996) (holding that a state sued in its own name has Eleventh Amendment immunity, regardless of the relief sought, unless the immunity has been waived or validly abrogated by Congress).

Ms. Uberoi next filed this action, again in the Middle District, naming as a defendant only the Chief Justice of the Florida Supreme Court in his official

capacity. Ms. Uberoi asserts that the Florida Supreme Court rejected her agreement with the Board of Bar Examiners without affording her notice and an opportunity to be heard on the issue of whether the agreement should be approved. Ms. Uberoi demands two forms of relief: first, notice and an opportunity to be heard on the issue already decided by the Florida Supreme Court; and second, invalidation of rules that she says allowed the denial of due process.

The Middle District transferred the action to this court. The Chief Justice has moved to dismiss. The motion is before the court on the magistrate judge's report and recommendation, ECF No. 39, and the objections, ECF No. 40. I have reviewed de novo the issues raised by the objections.

The recommendation is for dismissal of the complaint. This order accepts the recommendation but gets there through somewhat different reasoning.

## II. Eleventh Amendment

As Ms. Uberoi correctly notes, a claim for prospective relief against a state official with a role in a constitutional violation is not barred by the Eleventh Amendment. This is the holding of *Ex parte Young*, 209 U.S. 123 (1908). Ms. Uberoi's demand for notice and an opportunity to be heard is a demand for prospective relief—she seeks an injunction requiring the Florida Supreme Court to provide notice and an opportunity to be heard, not a payment of damages or other

compensation for a past denial. The same is true of the demand to invalidate the allegedly offending rules.

To be sure, Ms. Uberoi's claim arises from a past violation—she says she was denied notice and an opportunity to be heard in the past—but that is neither unusual nor a basis for disallowing an *Ex parte Young* claim. Many, probably most, claims for prospective relief are based on past violations. Thus a plaintiff seeking admission to a school on the ground of racial discrimination—a prototypical *Ex parte Young* claim—has usually been denied admission in the past, but the case may go forward because the plaintiff seeks admission in the future. *See, e.g.*, *Gratz v. Bollinger*, 539 U.S. 244 (2003). The same is true here: Ms. Uberoi seeks notice and an opportunity to be heard in the future, albeit on an application that was denied in the past.

### III. Necessary Parties

Ms. Uberoi has named as a defendant only the Chief Justice, not the other members of the court. In Florida, the Supreme Court makes admission decisions and adopts the rules that govern the consideration of an application. The Chief Justice does not do this unilaterally.

This is not, however, a basis for dismissal. If the case could otherwise go forward, this procedural defect could be cured by joining the other justices.

## IV. Rooker-Feldman

Ms. Uberoi's demand for an order requiring the Florida Supreme Court to provide her notice and an opportunity to be heard is a direct attack on the Florida Supreme Court's decision denying her application. If, as she claims, the court denied her due process, its decision would properly be reversed on review by a higher court. But the only higher court with authority to review decisions of the Florida Supreme Court is the United States Supreme Court. An appeal from a Florida Supreme Court decision does not lie to a United States District Court. This long-settled principle is known as the *Rooker-Feldman* doctrine.

The Supreme Court has put it this way: federal district courts cannot hear "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Ms. Uberoi is a state-court loser. The Florida Supreme Court ruled against her. As the Eleventh Circuit has recognized time and again, this was a judicial decision fully subject to the *Rooker-Feldman* doctrine. *See, e.g., Doe v. Florida Bar*, 630 F.3d 1336, 1341 (11th Cir. 2011) (affirming the district court's dismissal

of as-applied challenges to the Florida Bar's certification rules); *Berman v. Fla. Bd. of Bar Exam'rs*, 794 F.2d 1529 (11th Cir. 1986) (applying *Feldman* to affirm the district court's dismissal of an action challenging denial of admission to the Florida Bar). And Ms. Uberoi is complaining of injuries caused by the state-court judgment—the denial of due process that allegedly led to the decision and to her continuing exclusion from the Florida Bar.

This claim is dead center of the *Rooker-Feldman* doctrine.

## V. Standing

The same is not true of Ms. Uberoi's attack on the rules governing bar proceedings. As the Supreme Court recognized in *Feldman*, an attack on procedures generally, rather than just on their application in a specific case, is not tantamount to an appeal from a specific decision. *Feldman*, 460 U.S. at 486. Such an attack on procedures generally is not barred by the *Rooker-Feldman* doctrine.

Ms. Uberoi's rules claim is, however, barred by another principle. Even when a plaintiff has been subjected to a constitutional violation in the past, the plaintiff has standing to seek injunctive relief against future violations only if there is a "sufficient likelihood that he will again be wronged in a similar way." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 111 (1983). There the Court held that Mr. Lyons, who had been subjected to a chokehold in the past, had no standing to seek injunctive relief against the city's practice of using chokeholds. The Eleventh

Circuit applied the same principle in *Malowney v. Federal Collection Deposit Group*, 193 F.3d 1342, 1346 (11th Cir. 1999), holding that the plaintiffs did not have standing to assert a due-process attack on a Florida garnishment procedure that was unlikely to affect the plaintiffs again.

The Florida Supreme Court's decision in Ms. Uberoi's case—a decision that, under *Rooker-Feldman*, Ms. Uberoi cannot challenge in this proceeding—prevents her from reapplying for admission to the Florida Bar for three years. She has not alleged she intends to reapply. But even if she does, the possibility is remote that these same challenged provisions will again come into play. These provisions would come into play only if Ms. Uberoi again reached an agreement with the Board of Bar Examiners and again did not seek and obtain leave to present whatever arguments she wished to present in support of her position. The likelihood that this will occur seems at least as remote as the likelihood that Mr. Lyons would again be subjected to a chokehold or that the plaintiffs in *Malowney* would again be subjected to the challenged garnishment procedure.

## VI.  Conclusion

For these reasons,

IT IS ORDERED:

1. The report and recommendation is accepted.

2. The motion to dismiss, ECF No. 30, is granted.

     3. The plaintiff's claims are dismissed for lack of jurisdiction, partly under the *Rooker-Feldman* doctrine and partly for lack of standing.

     4. The clerk must enter judgment and close the file.

     SO ORDERED on August 18, 2017.

<u>s/Robert L. Hinkle</u>
United States District Judge
